```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                  :
UNITED STATES OF AMERICA,         :
                                  :       18cr201-01(DLC)
            -v-                   :
                                  :       MEMORANDUM OPINION
TOUREY AHMED RUFAI,               :           AND ORDER
                    Defendant.    :
                                  :
----------------------------------X
```

DENISE COTE, District Judge:

The defendant Tourey Ahmed Rufai ("Rufai") has filed a motion which is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

### Background

On January 9, 2019, Rufai entered a plea of guilty to a single count of conspiracy to commit wire fraud pursuant to a plea agreement that included a guidelines range calculation of 41 to 51 months' imprisonment. On April 12, he was sentenced principally to a term of imprisonment of 48 months. Rufai did not appeal.

The defendant was told that he had to surrender by May 24, but rather than surrendering, he fled to Ghana. On September 6, the bond securing the release of Rufai was forfeited, and a judgment in the amount of $150,000 was entered against the defendant and three sureties (the "Sureties").

Rufai was arrested in Ghana in 2021, and extradited to the United States to serve his sentence.  On July 13, 2022, motions made by Rufai and the Sureties regarding the forfeiture of the bond amounts were addressed.

Meanwhile, in a motion docketed on April 15, 2022, the defendant challenged his sentence.[1]  An Order of July 27 advised Rufai inter alia of the one-year limitations period for § 2255 petitions, that his time to file a petition had expired, and of what had to be shown to equitably toll the limitations period.  The defendant submitted a letter dated August 31, which was docketed on September 9.  The August 31 submission continues to challenge the legality of Rufai's sentence.  Rufai's April 15 motion will therefore be construed as a habeas petition.

## Discussion

The defendant's petition is denied as time-barred.  The defendant has not demonstrated that "extraordinary circumstances prevented him from filing a timely petition" nor that "he acted with reasonable diligence during the period."  Martinez v. Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015).  Accordingly, the statute of limitations is not equitably tolled.

---

[1] The letter was dated March 30, 2022.

Even if it were possible to reach the merits of his habeas petition, the petition would be denied.  The defendant's submissions principally assert that his attorney was ineffective in connection with his sentence because he was given no notice that the Court would depart above his sentencing guidelines range.  As outlined above, the Court did not in fact depart from Rufai's sentencing guidelines range; he was sentenced within that range.

Rufai contends in the first of his two submissions that the plea offer accepted by him was for a sentence of five years' probation with 200 hours of community service.  He further asserts that the sentence of 48 months' imprisonment was "different from" that set out in his plea agreement with the Government and that the Pre-Sentence Report's ("Report") recommendation of 24 months' imprisonment was not "adequately discussed with" him and his objections to it were not noted.  In his more recent letter, Rufai asserts that his attorney "promised" him a sentence of five years' probation with 200 hours of community service and that his attorney rejected requests from the Government to speak to him because the Report recommended a sentence of 24 months' imprisonment and she did not believe Rufai would have anything to discuss with the Government.

"To establish ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) this deficient performance caused prejudice to the defendant -- that is, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Overton, 24 F.4th 870, 880 (2d Cir. 2022) (citation omitted).  The defendant has failed to make a showing of ineffective assistance of counsel.

As the record at his plea and sentencing establish, the defendant was sentenced within his sentencing guidelines range; there was no departure or variance above that range.  The defendant's plea agreement with the Government waived his right to challenge such a sentence.  As a result, the defendant has waived his right to challenge his sentence of 48 months' imprisonment.  Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016).

Moreover, the record shows that he was repeatedly advised of the guidelines range and that there were no promises as to what his sentence might be.  During his plea allocution on January 9, 2019, the defendant acknowledged under oath that he understood that if his attorney or anyone else had attempted to predict what his sentence would be, those predictions could be wrong.  This Court explained that "No one -- not your lawyer,

4

not the government's lawyer, no one -- can give you an assurance of what your sentence will be" and asked if the defendant understood that.  The defendant responded, "Yes, Your Honor."  The defendant also acknowledged that he had read the plea agreement with the Government and discussed it with his attorney before signing it.  He further acknowledged understanding that he had given up his right to challenge or litigate his sentence so long as his sentence was not longer than 51 months' imprisonment.  He advised the Court that the Government had made no promise to him that had been left out of the plea agreement.

At the sentencing proceeding, defense counsel advised the Court that the defendant had read the Report and that they had discussed it with each other.  The defendant did not contradict his attorney.  That Report also calculated Rufai's sentencing guidelines range as between 41 to 51 months' imprisonment.  Early in the sentencing proceeding, the Court noted that the defendant was seeking a noncustodial sentence, that the Probation Department had recommended a variance of 24 months' imprisonment, and that the Court was considering a sentence within the guidelines range of 41 to 51 months' imprisonment but not one at the bottom of that range.  When the defendant addressed the Court, he explained that he had been selfish and that he had continued his criminal activity even though he knew it was wrong.  He praised his attorney for speaking to him "like

5

a son." He expressed his regret for his actions and asked for probation. The Court imposed a sentence of 48 months' imprisonment and advised the defendant of his right to appeal.

The record demonstrates that Rufai was advised and understood that no predictions or promises by his attorney, the Government, or anyone else could control the Court's determination of his sentence. He also stipulated to the guidelines range, and the Court sentenced him within that range. Accordingly, Rufai has not made a showing of ineffective assistance of counsel. See Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992).

## Conclusion

The defendant having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

The defendant's April 15 petition is denied as time-barred.

Dated:   New York, New York
         December 6, 2022

                              _____
                                     DENISE COTE
                              United States District Judge