```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
UNITED STATES OF AMERICA,           :
                                    :        18cr201-01(DLC)
            -v-                     :
                                    :     MEMORANDUM OPINION
TOUREY AHMED RUFAI,                 :          AND ORDER
                      Defendant.    :
                                    :
-----------------------------------X
```

DENISE COTE, District Judge:

The defendant Tourey Ahmed Rufai ("Rufai") has filed a motion requesting compassionate release. For the following reasons, it is denied.

## Background

On January 9, 2019, Rufai entered a plea of guilty to a single count of conspiracy to commit wire fraud pursuant to a plea agreement that included a guidelines range calculation of 41 to 51 months' imprisonment. Rufai was a member of a criminal enterprise based in Ghana that defrauded more than 100 American businesses and individuals of more than $10 million through email scams. Rufai was responsible for opening bank accounts to receive the stolen funds and to launder them and return them to coconspirators based in Ghana. Rufai typically received a commission of between 15% and 30% of the money he laundered. Rufai received over $730,000 in eight different bank accounts

that he controlled; these funds had been obtained from at least 25 victims.

On April 12, 2019, Rufai was sentenced principally to a term of imprisonment of 48 months. He did not appeal, and he did not surrender to begin service of his sentence. Instead, he fled to Ghana, where he was arrested in 2021. On December 6, 2022, Rufai's petition for a writ of habeas corpus was denied as time-barred. See United States v. Rufai, No. 18cr201-01(DLC), 2022 WL 17539508 (S.D.N.Y. Dec. 6, 2022).

On January 23, 2023, the Pro Se Office of this Court received a handwritten request from Rufai for compassionate release. Attached to the request is a document which indicates that Rufai had sent the Warden of his designated institution a request for compassionate release on September 9, 2022.[1]

## Discussion

The standard for review of a motion for compassionate release pursuant to 18 U.S.C. § 3582 is well established. A court may grant compassionate release to an inmate if the inmate has exhausted his administrative remedies by requesting compassionate release from his warden, and if there are "extraordinary and compelling reasons" warranting a reduced sentence. 18 U.S.C. § 3582(c)(1)(A)(i). District courts may

---

[1] It is assumed for purposes of this Order that Rufai has exhausted his administrative remedies.

"independently . . . determin[e] what reasons . . . are extraordinary and compelling" for the purpose of the compassionate release determination.  United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).

If a court concludes that the petitioner has presented "extraordinary and compelling reasons" for compassionate release, it must also weigh the 18 U.S.C. § 3553(a) sentencing factors before awarding compassionate release.  United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).  Even if the court concludes that the petitioner has not presented the requisite extraordinary and compelling reason for compassionate release, the Second Circuit has recommended that the court should also assess if the § 3553(a) sentencing factors weigh in favor of granting compassionate release.  United States v. Jones, 17 F.4th 371, 374-75 (2d Cir. 2021).

Rufai requests that he be permitted to return to Ghana to care for his mother, who is old and sick.  He represents that he is the only one of her children who has been supporting her.  The Presentence Report ("PSR") indicates that Rufai has five siblings, all of whom are employed and two of whom live in Ghana.

As another ground for release, Rufai represents that his "baby mother" has lost her job and that their daughter, who is six years old, may have to stop going to school because her

3

mother is having difficulty supporting her. According to the PSR, the defendant reported that he had reconciled with another woman, his wife, and that he planned to live with his wife after his release. The defendant has a son, who was born in 2018, with his wife.

Finally, the defendant reports that his own health conditions support his request. He has problems sleeping, which have been cured in the past by traditional medicine that is not available from the Bureau of Prisons ("BOP"). In addition, he fears that he is a great risk from new variants of Covid-19 because of his asthma. He reports that the two medications that the BOP has provided to him for his asthma are not working for him. As reflected in the PSR, Rufai told the Probation Department that he is in good health and has no chronic health problems. He explained that he had no history of surgery or hospitalizations and had no known allergies.

None of the grounds identified by Rufai constitutes exceptional circumstances that would justify compassionate release. In any event, if Rufai had identified exceptional circumstances, the § 3553(a) factors do not support his early release. He participated in a significant fraudulent enterprise for a substantial period of time. He fled the jurisdiction rather than surrender to serve his sentence. Principles of

appropriate punishment and deterrence weigh heavily against Rufai's early release.

## Conclusion

Rufai's January 26, 2023 motion for compassionate release is denied. The Clerk of Court shall mail Rufai a copy of this Order and note mailing on the docket.

Dated:  New York, New York
        August 23, 2023

                                    _____
                                    DENISE COTE
                                    United States District Judge